# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CASE NO.: _____

| | |
|---|---|
| Benjamin Tozier, by and through his parent or guardian, Tracy Tozier, and Tracy Tozier, individually<br><br>PLAINTIFFS,<br><br>v.<br><br>Charlotte-Mecklenburg Schools Board of Education,<br><br>DEFENDANT. | **COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiffs Benjamin Tozier, individually, and by and through his parent or guardian, Tracy Tozier, and Tracey Tozier, individually, file this complaint against Defendant Charlotte-Mecklenburg Schools (CMS) Board of Education to seek relief from the State Hearing Review Officer's interlocutory decision rendered in the administrative proceedings conducted in this matter under 20 U.S.C. § 1415(g)(2).

2. The case arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and corresponding state law, Chapter 115C, Article 9 of the North Carolina General Statutes.

## JURISDICTION AND VENUE

3. Plaintiffs requested a Due Process Hearing with the North Carolina Office of Administrative Hearings. The Administrative Law Judge had jurisdiction over this

matter pursuant to Chapters 115C and 150B of the North Carolina General Statutes and 20 U.S.C. § 1400 *et seq.*

4. Defendant appealed the Administrative Law Judge's interlocutory decision to the State Hearing Review Officer. The State Hearing Review Officer did not have jurisdiction over this matter pursuant to Chapter 115C of the North Carolina General Statutes and 20 U.S.C. § 1400 *et seq.* as Respondent's appeal was to an interlocutory decision by the ALJ. Nevertheless, the SHRO rendered a decision on Defendant's interlocutory appeal.

5. This Court has subject matter jurisdiction pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A), which confers jurisdiction on actions brought in a district court of the United States "without regard to the amount in controversy."

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

7. This is an action arising under the laws of the United States and an action by Plaintiffs, who are aggrieved by the decision of a State Hearing Review Officer pursuant to 20 U.S.C. § 1415(g).

8. The Parties have exhausted all appropriate administrative remedies on the narrow issues contained within this Complaint.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant is located within the Western District of North Carolina, and a substantial part of the acts or omissions giving rise to this complaint arose from events occurring within this judicial district.

10. This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure; 28 U.S.C. §§ 2201 and 2202; and 20 U.S.C. § 1682.

## APPLICABLE LAW AND POLICY

11. The Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") requires that states make available a free appropriate public education to all children with disabilities residing in the state. 20 U.S.C. § 1412(a)(1)(A). The IDEA sets forth procedural and substantive requirements to which Defendant must adhere to ensure that each child with a disability receives a FAPE. 20 U.S.C. § 1401 *et seq.*

12. The purposes of the IDEA include "ensur[ing] that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

13. The North Carolina Department of Public Instruction is responsible for programs operated by local educational agencies and ensuring that students with disabilities receive a FAPE. 20 U.S.C. § 1412(a)(11).

14. Defendant Charlotte-Mecklenburg Schools Board of Education, a local educational agency (LEA), must "ha[ve] in effect policies, procedures, and programs that are consistent with the State policies and procedures" established under the IDEA to provide for the education of children with disabilities within its jurisdiction. 20 U.S.C. § 1413(a)(1).

15. Pursuant to the IDEA, in Chapter 115C, Article 9 of the North Carolina General Statutes, the State of North Carolina set forth procedural and substantive requirements to enable the State Board of Education and local educational agencies to implement IDEA. N.C. Gen. Stat. § 115C-106.2(b).

16. One procedural safeguard is the right to file with the Office of Administrative Hearings a petition to request an impartial hearing with respect to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education of a child, or a manifestation determination review. N.C. Gen. Stat. § 115C-109.6(a).

17. " . . .[T]he decision of the administrative law judge shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education. Following the hearing, the administrative law judge shall issue a written decision regarding the issues set for in subsection (a) of this section." N.C. Gen. Stat. § 115C-109.6(f)

18. "Any party aggrieved by the findings and decision of a hearing officer under G.S. 115C-109.6 or G.S. 109.8 may appeal the findings and decision within 30 days after receipt of notice of the decision." N.C. Gen. Stat. § 115C-109.9(a).

19. After a party appeals the decision of a hearing officer, "[t]he State Board, through the Exceptional Children Division, shall appoint a Review Officer." N.C. Gen. Stat. § 115C-109.9(a).

20. The Review Officer "shall make an independent decision upon completion of the review." N.C. Gen. Stat. § 115C-109.9(a).

21. "[A]ny party who is aggrieved by the decision of the Review Officer . . . may

institute a civil action . . . in federal court as provided in 20 U.S.C. § 1415." N.C. Gen. Stat. § 115C-109.9(d).

## PARTIES TO THE COMPLAINT

22. PLAINTIFF Benjamin Tozier (B.T.) is an eighteen-year-old male. B.T. currently lives in, and at all relevant times hereto, was a resident of the County of Mecklenburg, State of North Carolina. Plaintiff B.T. brings this suit through his attorney-in-fact, T.T.

23. PLAINTIFF Tracy Tozier (T.T.) is B.T.'s mother. Plaintiff T.T. currently lives in, and at all relevant times hereto was a resident of the County of Mecklenburg, State of North Carolina. Plaintiff T.T. holds B.T.'s educational rights through a power of attorney. Plaintiff T.T. brings this suit for Plaintiff B.T. and herself, individually.

24. DEFENDANT Charlotte-Mecklenburg Schools Board of Education is a Local Educational Agency as that phrase is used in the IDEA, 20 U.S.C. § 1401 *et seq.*, and the Family Educational Rights and Privacy Act (FERPA), and as such receives financial assistance from the U.S. Department of Education and is responsible for providing a FAPE to disabled students, including B.T., residing in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

25. B.T. has diagnoses of autism spectrum disorder, attention deficit hyperactivity disorder, anxiety, depression, and excoriation disorder.

26. Plaintiffs B.T. and T.T. moved from Baton Rouge, Louisiana to Charlotte, North

Carolina in June of 2016.

27. Plaintiff T.T. registered B.T. for school on June 9, 2016, and B.T. enrolled in the eleventh (11th) grade at Providence High School (PHS), a public high school operated by the Defendant, on August 29, 2016.

28. B.T. attended PHS during the 2016-2017 academic year.

29. As a result of his disabilities, B.T. struggled with academics, organizational skills, behavior, and communication. B.T.'s disability-related struggles resulted in B.T. receiving low test scores, and achieving below average or failing grades in most of his courses, among other things.

30. Due to B.T.'s disability-related struggles, on four separate occasions throughout the 2016-2017 school year Plaintiff T.T. submitted requests to Defendant asking that it evaluate B.T. and convene an IEP meeting to consider his eligibility for special education services.

31. Defendant convened two IEP team meetings in September 2016 and a third IEP team meeting in January 2017, but refused to evaluate B.T. for potential eligibility for special education services.

32. Plaintiff T.T. filed a complaint against Defendant with the North Carolina Department of Public Instruction ("DPI") in February 2017.

33. Defendant convened a fourth IEP team meeting on March 15, 2017, and finally agreed to evaluate B.T.

34. Defendant convened an IEP team meeting on May 19, 2017, to review the evaluations and determine whether B.T. was eligible for special educations services. Defendant determined that B.T. was not eligible.

35. In June 2017, Plaintiff T.T. registered B.T. to attend Trinity Christian Preparatory Academy ("Trinity"), a private high school in Charlotte, North Carolina. Because he had not mastered the material in his classes at Providence, B.T. repeated the eleventh (11th) grade.

36. B.T. is currently enrolled in twelfth (12th) grade at Trinity.

37. Since B.T.'s enrollment at Trinity, Plaintiff T.T. has incurred all costs associated with B.T.'s attendance at Trinity, including tuition, fees, and transportation costs.

38. Plaintiff B.T. turned eighteen (18) on March 24, 2018.

39. On May 14, 2018, B.T. signed an Affidavit of Educational Designation by an Adult Student ("Affidavit"), in which he designated his mother, T.T., to be his "designated educational agent to receive all notices and to participate in all IEP meetings, Due Process Proceedings, and all other school procedures related to [his] educational program on [his] behalf."

40. The Affidavit was notarized and met the requirements of a valid power of attorney.

## *Procedural History*

41. On May 17, 2018, Plaintiffs, through counsel, filed a Petition for a Contested Case Hearing ("Petition") in the Office of Administrative Hearings (OAH), alleging various violations of the IDEA, including that Defendant:

    a) Failed to conduct a full and individual evaluation of B.T. specific to B.T.'s needs;

    b) Failed to find B.T. eligible at the May 19, 2017 IEP team meeting, causing educational harm to B.T.;

    c) Failed to involve B.T.'s mother in the decision to determine B.T.'s eligibility

for special education services;

    d) Predetermined its decision to deny B.T. eligibility; and

    e) Denied B.T. a free appropriate public education.

42. Plaintiffs requested reimbursement of the tuition at Trinity as part of the relief requested in the Petition.

43. On June 7, 2018, Defendant filed a Motion to Dismiss on the basis that T.T. lacked standing, among other things.

44. The Administrative Law Judge (ALJ) denied Defendant's Motion to Dismiss.

45. On June 28, 2018, Defendant filed a Motion for Reconsideration. The ALJ denied Defendant's Motion for Reconsideration.

46. On September 14, 2018, Defendant filed a Motion for Partial Summary Judgment, again raising the issue of T.T.'s standing, among other issues.

47. On November 2, 2018, the ALJ issued an order granting in part and denying in part Defendant's Motion for Partial Summary Judgment. The ALJ, again, denied Defendant's motion with regards to the issue of T.T.'s standing. The ALJ erroneously designated her Order as a "Final Decision Order" and erroneously provided a Notice of Appeal Rights.

48. The hearing in this case took place over eight days on November 20 and 26-30, 2018 and December 13-14, 2018.

49. On December 3, 2018, in the middle of the due process hearing, Defendant submitted an untimely appeal of the ALJ's Order Denying the Motion for Summary Judgment on the issue of T.T.'s standing to the North Carolina State Board of Education.

50. The North Carolina State Board of Education assigned a State Hearing Review Officer (SHRO), Joe Walters, to adjudicate the appeal.

51. Plaintiffs objected to the SHRO hearing the appeal as the ALJ's November 2, 2018 Order was interlocutory and not immediately appealable.

52. The SHRO decided to undertake the appeal over the objection of the Plaintiffs that the ALJ's decision was not the Final Decision in this matter.

53. The SHRO issued a written decision on December 18, 2018.

54. The SHRO upheld the ALJ's decision "with modification."

55. The SHRO found T.T. had standing to pursue claims on behalf of B.T. due to the power of attorney, but did not have standing to "pursue her own claims in this IDEA proceeding."

56. Notwithstanding the ALJ's designation of her November 2, 2018 Order as a "Final Order," the ALJ has not yet issued the Final Decision in this matter as that term is defined by state law.

### *Defendant's Appeal was Interlocutory*

57. As the ALJ has not yet issued the Final Decision in this matter, Defendant's appeal was interlocutory.

58. North Carolina law only provides parties the ability to appeal "the findings and decision of a hearing officer under G.S. 115C-109.6 or G.S. 115C-109.8." N.C. Gen. Stat. § 115C-109.9. Section 115C-109.6 only refers to the ALJ's final decisions on the substantive denial of a free appropriate public education issued "*following* the hearing." N.C. Gen. Stat. § 115C-109.6(f) (emphasis added). Section 115C-109.8 addresses decisions rendered by ALJ's on procedural violations.

59. A plain reading of Section 115C-109.6 presents only one conclusion: an ALJ's denial of summary judgment is interlocutory and not immediately appealable.

60. The IDEA does not provide for interlocutory appeal. Judicial review is only available after the administrative proceedings have been complete. *See M.M., E.M. Individually and on behalf of their son, C.M. v Lafayette School District, et al.,* 681 F.3d 1082 (9th Cir. 2012).

61. Defendant's appeal was interlocutory and premature, as the hearing had not even concluded when Defendant filed its notice of appeal. The ALJ had not—and still has not—issued the Final Decision following the due process hearing.

### *The Administrative Proceedings Are Not Entitled to Due Weight*

62. Even if the SHRO properly reviewed Defendant's appeal, the SHRO's decision is not entitled to "due weight" as that phrase is used in the IDEA, because the SHRO relied upon erroneous conclusions of law.

63. The SHRO correctly found T.T. has standing to pursue claims on behalf of B.T.; however, the SHRO incorrectly found T.T. does not have standing to pursue her own claims.

64. Pursuant to the SHRO's decision, Defendant now claims Plaintiffs are not entitled to any reimbursement of the costs incurred by T.T. due to Defendant's failure to comply with the IDEA and offer B.T. a FAPE.

65. As B.T.'s parent, T.T. has independent, enforceable rights under the IDEA, which include procedural rights as well as the right to a FAPE for her child. *See Winkleman v. Parma*, 550 U.S. 516, 533, 127 S.Ct. 1994, 2005 (2007) ("IDEA grants parents, independent, enforceable rights. These rights, which are not limited

to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child.").

66. North Carolina law provides that when a child with a disability reaches the age of 18, "[a]ll other rights accorded to parents under [State law] and IDEA transfer to the child"; however, "for a child with a disability who has reached the age of majority under State law and who has not been determined to be incompetent but is determined not to have the ability to provide informed consent with respect to his or her education program, the State Board shall establish procedures for appointing the parent of the child, or if the parent is not available, another appropriate individual, to represent the educational interests of the child throughout the period of eligibility under this section." N.C. Gen. Stat. § 115C-109.2

67. As required by North Carolina law, the State Board established "procedures for appointing the parent of the child . . . to represent the educational interests of the child," N.C. Gen. Stat. § 115C-109.2(b), in the North Carolina Policies Governing Services for Children with Disabilities ("Policies"). Pursuant to the Policies, the adult student may "designate[], in writing, by power of attorney or similar legal document, another competent adult to be the student's agent to receive notices and to participate in meetings and all other procedures related to the student's educational program." *N.C. Policies Governing Services for Children with Disabilities* 1504-1.21(b)(2)(iii) (March 2018).

68. After B.T. turned 18, in accordance with North Carolina law and policy, he designated his mother, T.T., to be his "designated educational agent to receive all notices and to participate in all IEP meetings, Due Process Proceedings, and all

other school procedures related to [his] educational program on [his] behalf."

69. In addition to T.T.'s independent enforceable right to a FAPE for her child, B.T. transferred his rights under the IDEA his mother, T.T., via power of attorney.

70. T.T. has standing to pursue her own claims.

## CLAIM FOR RELIEF

*Violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. and Implementing Federal Regulations, 34 C.F.R. § 300 et seq.*

1. Plaintiffs incorporate all preceding paragraphs into this Count by reference as if fully stated herein.

2. Plaintiffs seek an order vacating the Decision of the State Hearing Review Officer entered on December 18, 2018, as the State Hearing Review Officer improperly reviewed Defendant's untimely interlocutory appeal.

3. In the alternative, Plaintiffs seek an order reversing the Decision of the State Hearing Review Officer entered on December 18, 2018, with regards to the issue of Plaintiff T.T.'s own enforceable rights as a parent of a child with a disability under the IDEA. The conclusions of law relied upon by the SHRO conflict with applicable law. The State Hearing Review Officer incorrectly determined Plaintiff T.T. did not have standing to pursue her own claims.

4. Plaintiffs are entitled to an award of attorneys' fees as part of the costs incurred in the due process proceedings, subsequent review by the SHRO, and the current proceedings.

# PRAYER FOR RELIEF

NOW WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant, and that this Court issue an Order:

a. Enter an Order (1) vacating the Decision of the State Hearing Review Officer and (2) reinstating the Decision issued by the ALJ;

b. In the alternative, enter an Order declaring Plaintiff T.T. has standing to pursue her own claims under the IDEA;

c. Award Plaintiffs all attorneys' fees, including litigation expenses and costs, incurred in litigating all claims raised under the fee-shifting provision of the IDEA; and

d. Awarding any other relief this Court deems just and proper.

Respectfully submitted, this the 18th day of March, 2019.

/s/ Ann M. Paradis
Ann M. Paradis
N.C. State Bar No. 19704
3326 Durham Chapel Hill Blvd., #210-C
Durham, NC 27707
Telephone (919) 942-1430
Email: aparadis@ncgplaw.com
*ATTORNEY FOR PLAINTIFFS*